## Case No. 2,146.

### BURDETT v. ESTEY et al.

[16 Blatchf. 105;[1] 4 Ban. & A. 141.]

Circuit Court, D. Vermont. March 24, 1879.

PATENTS—REED ORGANS—INFRINGEMENT—VIOLATION OF INJUNCTION—EVIDENCE — ATTACHMENT FOR CONTEMPT.

1. The question of what is an infringement of the second claim of the patent granted to Riley Burdett, February 23d, 1869, for an "improvement in reed organs," considered, in view of the decision in Burdett v. Estey [Case No. 2,145].

2. On a motion for an attachment for contempt for violating an injunction issued to restrain the infringement of a patent, after a construction has been given to the patent by the court, no testimony is proper to vary such construction.

3. It is a matter of discretion, whether the court, on such a motion, will require expert testimony on the question of infringement, or will examine the alleged infringing article for itself.

4. A structure which has an intermediate partial set of reeds. extending downward through the scale to tenor F, and placed horizontally on the top of, and in addition to, a common double reed board, with both the vibrating and the stationary ends of the reeds the full thickness of the reed board above the other sets and above the entrances to the air passages, and the valve openings from tenor F downward gradually and uniformly lengthening till the lower and longest one is about half an inch longer than those above tenor F, does not infringe the second claim of said patent.

5. The decision on the motion for attachment was made without prejudice to the raising of the same question of infringement on the accounting under the interlocutory decree.

[In equity. Bill by Riley Burdett against Jacob Estey and others to restrain infringement of letters patent No. 87,241, granted to complainant February 23, 1869, for an im-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

provement in reed organs, and for an accounting. There was an interlocutory decree granting a perpetual injunction (Case No. 2,145), and complainant now moves for an attachment against defendants for a violation of the same. Motion denied.]

Edward J. Phelps, for plaintiff.

Edward N. Dickerson and Charles C. Beaman, Jr., for defendants.

WHEELER, District Judge. This cause (15 Blatchf. 349 [Burdett v. Estey, Case No. 2,145]) has been further heard upon the motion of the plaintiff for an attachment against the defendants for an alleged violation of the injunction therein. The motion is founded upon the affidavit of Silas M. Waite, which states, in substance, that the defendant Fuller brought to him a reed board and foundation board of an organ, combined, and said that the defendants were making such boards and putting them in their organs. The defendants appear, and, without making any objection to the form of procedure or filing any answer, present the affidavit of Fuller, in which he states that they are making such boards and using them in their organs, but that he is a mechanic and familiar with the proceedings in the cause, and with the manufacture of organs, and that, in his opinion, these boards do not violate the injunction. The sample taken to Waite is referred to and made a part of his affidavit.

The defendants insist, that, without the testimony of some witness, taken in writing, so as to be capable of being spread upon the record, and showing, apart from the reed board and foundation board, which cannot be spread upon the record, that the making and using these boards is a violation of the injunction, there is not sufficient ground shown to warrant proceeding with the motion; that, if the motion is to be proceeded with, they wish to show, that, in 1866, they constructed reed and foundation boards with valve openings similar to these down to tenor F, and that one-half of all the organs made by them for the past five years have been made with reed and foundation boards like these; and that, upon inspection of this sample, without evidence otherwise, it is apparent that the manufacture and use of such boards do not violate the injunction.

The decree was, that the patent, to the extent of the first and second claims, was valid, and that the defendants had infringed it. The injunction was founded upon the decree, but was general in its terms, commanding the defendants to refrain from further infringement. The scope of the injunction would be according to the construction of the patent given to it by the court. No testimony would be proper or of any effect to vary that. If the exhibit was of that character that its parts and their workings could not be understood but by persons of peculiar skill, it would be necessary to call such persons to explain them; but they are not. Any person who understands the subject so as to comprehend the decree and the grounds of it, can understand this exhibit.

The invention covered by the patent was made in 1867, and the patent was granted in 1869. So, the testimony suggested, if it would have any bearing whatever, would affect the decision on which the decree and injunction are founded, and the validity of the injunction itself, which is not in any respect open on this motion, and not what has been done since the injunction.

The testimony mentioned as to what has been done during the past five years, would only affect the extent of the violation since the injunction, and of the liability to account both before and since, if this is a violation, and not the question whether it is in fact a violation.

The fact of making and using things like the exhibit is not disputed, but is fully proved and admitted by the defendants themselves. Whether that constitutes a violation of the injunction is the question directly and fairly presented. In Kelleher v. Darling [Case No. 7,653] Mr. Justice Clifford said: "Where the invention is embodied in a machine, manufacture, or product, the question of infringement, which is a question of fact, is ordinarily best determined by a comparison of the exhibit made by the respondent with the mechanism described in the complainant's patent." It would, doubtless, be entirely competent, and is understood to be sometimes the practice, for the court, on questions of this sort, to refuse to examine exhibits for itself, until the testimony of some person of skill, to prove the infringement or violation, has been taken; but that would seem to be wholly a matter of discretion, and it must be equally competent for the court to examine the exhibits and determine the question upon them, if it sees fit to do so.

This exhibit is like the manufacture which embodies the plaintiff's patent, in all respects but two. One of these respects is, that, in this exhibit, the intermediate partial set of reeds, extending downward through the scale to tenor F, is placed horizontally on the top of, and in an addition to, a common double reed board, with both the vibrating and the stationary ends of the reeds the full thickness of the reed board above the other sets, and above the entrances to the air passages, while, in the plaintiff's invention, the intermediate partial set extends obliquely between the other two sets to the foundation board, with the vibrating ends of the reeds substantially on the same base as those of the other two sets. The other respect is, that, in this exhibit, the valve openings, from tenor F downward, gradually and uniformly lengthen, till the lower and longest one is about a half inch longer than those tenor F, while, in the

plaintiff's invention, they are of uniform length throughout.

This latter variation makes a different thing from those embodying the plaintiff's invention, so far as the variation extends; but, if the rest of it was like the plaintiff's, the variation would not save the infringement and violation to the extent of the rest, for, to that extent, the defendants would be using the patented invention. In this respect, this case would be like Smith v. London & N. W. Ry. Co., 20 Eng. Law & Eq. 94. There, it was held that a patent for a wheel made of certain materials and in a particular manner was infringed by a wheel made in part of those materials and in that manner, although the rest was wholly different. So, the question is, whether the defendants infringe by making reed and foundation boards with the horizontal partial set instead of the plaintiff's inclined set.

The plaintiff's patent is really for a combination of parts, and not for any of the parts themselves, although the word is not used to describe the invention, either in the specification or claims. In describing the nature of his invention, in the fore part of his specification, he says: "This invention consists, first, in the arrangement of the reed board; second, in the method of tuning," &c. The part in relation to the arrangement of the reed board is all that has been sustained and is now in question. The first claim is: "The arrangement, in a reed musical instrument, of the reed board, A, having the diapason set, a, and its octave set, b, and the additional set, L, extending from about at tenor F upward through the scale, substantially as and to the effect set forth." The second claim is: "The reed board, A, and foundation board, G, constructed with the contracted valve openings, D, F, F, and the reeds arranged in relation thereto, all in the manner described." None of these parts were new. There were before organs with two sets of reeds having the same valve openings, contracted, in the sense used, and there was, according to the finding, one organ in use having an inclined partial set of reeds extending from tenor F upward. But, there was no organ containing these things arranged as the plaintiff arranged them. He invented this new arrangement or combination of them, and was entitled to, and obtained a patent for that. If the exhibit embodies that, the defendants infringe by making things like it, and are guilty; otherwise, not.

The plaintiff claims that the defendants infringe the second claim of the patent, and refers most particularly to the valve openings. It follows, directly, from what has preceded, that the plaintiff has no patent for any sort of valve openings, and that the defendants cannot infringe by the mere use of any, however made, of whatever shape or size. More than that must be brought in. There must be the reed and foundation boards construct-

ed with the contracted valve openings, and the reeds arranged in relation thereto, all in the manner described. So, it comes back again to the arrangement or combination of the reeds with the valve openings, in the boards. It is well settled, that, where there is a patent for a combination of old parts, there can be no infringement unless all the material parts are used, because, without one of them, the combination or arrangement would be different. Prouty v. Ruggles, 16 Pet. [41 U. S.] 336; Vance v. Campbell, 1 Black [66 U. S.] 427; Gill v. Wells, 22 Wall. [89 U. S.] 1. One of the elements of the plaintiff's combination is the inclined partial set, extending down between the other two sets to substantially the same base. That element is wanting in the defendants' organs, in controversy on this motion, unless their horizontal set is an equivalent for it. In a patent for a combination, the use of equivalents known to be such at the date of the patent, may be excluded. Rees v. Gould, 15 Wall. [82 U. S.] 187; Gill v. Wells, 22 Wall. [89 U. S.] 1. Prior to 1866, horizontal sets of reeds, placed on top of the reed board, above other sets, were well known, and had been patented to George G. Hunt, of Wolcottville, Conn., and the plaintiff obtained a patent for bringing them down on an incline, so that their vibrating ends would be on the same base as the other sets, and equally near the valve openings with them, whereby they would take the rush of air at the same time, and speak promptly with them, which patent the plaintiff transferred to the defendants. The improvement covered by that patent was exactly the difference between the plaintiff's inclined and the defendants' horizontal sets, here. One is not an equivalent for the other, and the plaintiff cannot justly now claim it to be. And the plaintiff's patent was, and could be, sustained, upon the finding which was reached, upon such a difference. Had the plaintiff's patent been for a partial set, from tenor F upwards, combined with the two sets of a simple double reed board, it would have failed, because Arvid Dayton's organ, defendants' exhibit 21, in the principal case, would have anticipated it. But it was not for that, and did not profess to be; it was for an inclined set extending down between, and to the same base with, the other two, and not anticipated. In this respect the defendants' organs now in question are nearer like Dayton's than they are like the plaintiff's. The position of the vibrating ends of the reeds in respect to the valve openings is of more importance than that of the rest of the reeds, and the positions of those in both Dayton's and the defendants' organs are nearly the same. It would be manifestly unjust to hold that there was a difference between Dayton's organ and the plaintiff's and thereupon sustain the plaintiff's patent, and then to hold that this style of the

defendants' organ is equivalent to the plaintiff's and sustain this claim of infringement. So, the reed and foundation boards are not alike, even down to tenor F, and the defendants are not guilty of any violation of the injunction, in making them. If the boards were alike to that extent, the case would be like Sellers v. Dickinson, 6 Eng. Law & Eq. 544, in some respects, where the use of a part of a patented combination was, under the circumstances, held to be an infringement. Upon this view, the motion must be denied.

This decision upon this question, so far as it affects this motion, is not reviewable. The same question may arise in the accounting now going on, and be important there, and be reviewable so far as it would affect that proceeding, unless the decision here would in some manner be conclusive upon the parties. And it is of much more importance to the interests of justice that the decision of this question upon the accounting should be correct, than that the decision upon this motion should be, for, if the plaintiff is entitled to the restraint sought here, he will be entitled to the profits and damages arising from the acts sought to be restrained, which, in contemplation of law, will compensate him; and, if not entitled, he loses nothing here or there. And, if the defendants are liable to the restraint, they will make good their liability there, while, if not, they ought not to, and will not, suffer anything here or there. Therefore, this decision ought not to be conclusive upon any question that may be raised there, and should be limited so as clearly not to be.

The motion is denied, without prejudice to either party, elsewhere than upon the motion.

[NOTE. For final decree in favor of complainant, see 3 Fed. 566; and for grounds of reversal of same by supreme court, see note at end of Case No. 2,145, next preceding.]